UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA DIEGO, M.D., an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>GOLDEN VALLEY HEALTH CENTERS, a California non-profit corporation, ABC CORP.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No.  1:15-cv-00085-JAM-GSA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Plaintiff Silvia Diego ("Plaintiff") sued her former employer Golden Valley Health Centers ("Defendant") for breach of contract and violation of public policy under state law in state court. Defendant's unwarranted removal of the case on the basis of federal question jurisdiction caused Plaintiff to incur unnecessary costs and fees in moving to remand. The Court now awards Plaintiff a portion of her requested attorneys' fees at Defendant's expense.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 17, 2015.

1

I.   PROCEDURAL BACKGROUND

Plaintiff worked as Chief Medical Officer at Defendant's clinic.  Compl. ¶ 3.  Plaintiff alleges that in her ninth year in her position, Defendant's CEO initiated "a series of policy directives and procedural changes aimed at increasing the number of patients seen in the [] facilities without a corresponding increase in the number of medical providers."  Compl. ¶ 6. Plaintiff objected to these changes, because she felt that they would "reduce the quality of patient care that could be rendered for low income and indigent clients[.]"  Compl. ¶ 7.  Defendant then terminated Plaintiff's employment due to of her "fail[ure] to support the CEO's policies and his leadership team."  Compl. ¶ 9.

Plaintiff sued Defendant in Stanislaus County Superior Court, asserting three causes of action: (1) "Discharge in Violation of Public Policy" under California Business and Professions Code sections 2056(b) and (c); (2) "Breach of Covenant of Good Faith and Fair Dealing"; and (3) "Breach of Written Contract."

Both Plaintiff and Defendant are citizens of California. See Compl. ¶¶ 2-3.  Defendant removed the action to federal court on the basis of federal question jurisdiction, asserting that Plaintiff's allegations could form claims under the Federal Constitution (Doc. #1).

One week after removal, Defendant filed a motion to dismiss for lack of subject matter jurisdiction (Doc. #4) and a motion to compel arbitration (Doc. #8).  Four days later, Plaintiff filed a motion to remand (Doc. #14).  Plaintiff sought a stipulation to

2

1  delay briefing on Defendant's two motions until after a ruling on
2  her remand request, which would render both of Defendant's
3  motions moot.  See Channaveerappa Decl. ¶ 5.  Defendant declined.
4  Id.  Plaintiff then filed a motion to continue Defendant's two
5  motions (Doc. #18).  But before the magistrate judge issued a
6  ruling on the continuance (Doc. #35), Plaintiff prepared and
7  filed oppositions to Defendant's motions so as to meet the
8  briefing deadlines.  See Channaveerappa Decl. ¶ 6.
9      The Court granted Plaintiff's motion for remand following a
10 hearing (Doc. #48).  Plaintiff now moves for attorney's fees and
11 costs incurred by her as a result of Defendant's wrongful removal
12 in the amount of $8,510 (Doc. #49).  Defendant opposes the motion
13 (Doc. #50).
14
15                        II.  OPINION
16    A.  Legal Standard
17     A court granting remand may award attorney's fees incurred
18 "as a result of" an improper removal.  28 U.S.C. § 1447(c).  To
19 award fees, the removing party must have lacked "an objectively
20 reasonable basis for seeking removal."  Martin v. Franklin
21 Capital Corp., 546 U.S. 132, 141 (2005).  Upon finding no
22 reasonable basis, a court has "wide discretion" in awarding fees.
23 Fong v. Beehler, 2013 WL 5913612, at *2 (N.D. Cal. Oct. 31,
24 2013).  Such an award of fees is not punitive, but rather is
25 intended to "reimburse[] [] plaintiffs [for] wholly unnecessary
26 litigation costs the defendant inflicted."  J.P. Morgan Chase
27 Bank v. Peterson, 2005 WL 2334712, at *4 (E.D. Cal. Sept. 21,
28 2005) (quoting Moore v. Permanente Med. Group, Inc., 981 F.2d

443, 447 (9th Cir. 1992)).  The Court applies the lodestar method of calculating fees.  See Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003).

### B.   Analysis

Plaintiff moves for attorney's fees expended on preparing and arguing the motion to remand.  Plaintiff also moves for fees related to two other motions filed in federal court: Defendant's motion to dismiss and motion to compel arbitration.  Defendant argues that an award of fees is not warranted because removal was reasonable.  In the alternative, Defendant contends that any award should be limited strictly to those fees and costs accrued by Plaintiff in opposing Defendant's removal and preparing Plaintiff's motion to remand.

The Court finds that Defendant did not have an objectively reasonable basis for seeking removal.  Defendant's theory of removal was that Plaintiff should have brought her claims under the First, Fifth, and Fourteenth Amendments to the Federal Constitution, rather than under the California state laws that form the basis of her complaint.  See Opp. at 2-3.  As the Court explained in its ruling on the motion to remand, a plaintiff is the master of her complaint, and she may raise only theories of state law if she so chooses.  Because Plaintiff here chose state law causes of action (that were not preempted by any federal law), there was no federal question.

This remand issue was not a close one.  Defendant's argument was squarely foreclosed by longstanding and controlling authority.  See Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987); Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S.

804, 809 (1986); Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).  Defendant therefore had no objectively reasonable basis for removing this action.  Beauford v. E.W.H. Group Inc., 2009 WL 3162249, at *3 (E.D. Cal. Sept. 29, 2009) ("The court concludes Defendant's removal was clearly foreclosed by well established case law and therefore Defendant did not have an objectively reasonable basis for removal.").

Based on Defendant's unreasonable conduct in this case, the Court exercises its discretion to award fees to Plaintiff.  But as to the scope of the award, the Court agrees with Defendant that the motions to dismiss and compel arbitration were not "a result of" the removal, because Defendant could have brought them in state court.  Defendant cites Baddie v. Berkeley Farms, Inc., 64 F.3d 487 (1995).  While Baddie is not directly on point, as it dealt with the issue of whether section 1447(c) authorized an award where "initial removal was proper," id. at 490 the case is instructive.  The Baddie court stated that section 1447(c) authorizes fees associated with a motion to remand, but other fees "incurred in federal court after removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there.  Such fees and costs cannot be considered 'incurred as a result of the removal.'"  Baddie, 64 F.3d at 490.  Other courts have since agreed with this reasoning.  See, e.g., Partners v. Gonzalez, 2010 WL 3447678, at *4 (N.D. Cal. Aug. 30, 2010).

Here, the motions to dismiss and compel arbitration both argued that the Court should dismiss the case and "order the

5

parties to arbitration." See Mot. to Compel at 2; Mot. to Dismiss at 6.  Defendant could have – and, following remand, apparently did – bring a similar motion in state court.  See Reply at 4; Opp. at 5.  These motions therefore are "related only tenuously to removal" and were not incurred "as a result of removal."

The Court may, therefore, only consider the number of billable hours Plaintiff's counsel and paralegal reasonably spent on securing remand.  The Court awards fees for the tasks listed below.  The Court finds reasonable the number of hours spent on each task (but one) as set forth in Plaintiff's counsel's declaration.  See Channaveerappa Decl. Exh. A.  Contrary to Defendant's assertions, the declaration does not report improper "block billing," see Opp. at 6; it sufficiently describes specific tasks.  As to the hourly rate, Defendant has not objected to Plaintiff's requested billing rate for paralegal time and the Court finds the $100/hour reasonable.  Defendant does object to the attorney rate of $300/hour.  Opp. at 7 n.2.  The Court agrees, and finds $225/hour to be a reasonable rate for an attorney with five years of legal experience.  See Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento, 2014 WL 5698448, at *3 (E.D. Cal. Nov. 4, 2014).

TASKS RELATED TO REMAND

- "Receipt and review of electronically filed documents . . . i.e., Notice of Removal"[2] (.5 hrs. @ $225/hr. -- $112.50);

---

[2] Plaintiff's counsel reports one hour for this task as well as other tasks for which fees are not warranted (e.g., reviewing the motion to dismiss).  The Court awards fees for half an hour of time for reviewing the notice of removal.

- "Preparation of Plaintiff's Motion To Remand" ... (4 hrs. -- $900.00);
- "Prepared Ex Parte Motion to Continue opposing party's motions until Remand" (1.5 hrs. -- $337.50);
- "Prepared Re-Notice of Plaintiff's Motion to Hear Remand" (1 hr. -- $225.00);
- "Proofread and corrected Re-Notice of Plaintiff's Motion to Hear Remand" (.6 hrs. @ $100/hr. -- $60.00);
- "Prepared for Court Appearance re Plaintiff's Motion To Remand" (2 hrs. -- $450.00);
- "Organized/indexed file" (1 hr. -- $100.00);
- "Court Appearance" ... on Plaintiff's motion to remand (4.5 hrs. -- $1,012.50); and
- "Prepared Order After Hearing to Remand" (.70 hrs. -- $157.50).

### III.   ORDER

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion and awards attorney's fees and costs in the amount of $3,355.00.  Defendant shall pay this amount to Plaintiff, by and through her attorney, within twenty days of the date of this Order.

IT IS SO ORDERED.

Dated: July 7, 2015

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE